# In the United States Court of Federal Claims

No. 24-1024

Filed: February 7, 2025

_____
)
JEANA KUCZMANSKI,                  )
                                   )
                *Plaintiff*,             )
                                   )
  v.                               )
                                   )
THE UNITED STATES,                 )
                                   )
                *Defendant*.             )
_____)

**ORDER**

      Plaintiff Jeana Kuczmanski, proceeding pro se, has filed this civil action against the United States, bringing several claims regarding her parental rights. Ms. Kuczmanski alleges due process violations, lack of proper oversight and failure to enforce compliance with federal standards by the federal government, as well as evidentiary issues in custodial hearings for her minor son in the State of Utah. ECF No. 1 at 2.[1] Additionally, Ms. Kuczmanski seeks reunification with her son and $21,024,000 in damages. ECF No. 1 at 3. The Government moves to dismiss for lack of subject matter jurisdiction. ECF No. 8.

      The Court of Federal Claims' primary grant of jurisdiction appears in the Tucker Act, which provides that:

> [this court] shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). But "[t]he Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). To invoke this court's jurisdiction, Ms. Kuczmanski must identify a "separate source of substantive law that creates the right to money damages." *Greenlee Cnty. v. United States*, 487 F.3d 871, 875 (Fed. Cir. 2007) (internal quotation marks omitted) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). If Ms. Kuczmanski fails to establish jurisdiction, this court must dismiss the complaint.

---

[1] The court cites to the page numbers in the ECF Header.

RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Outlaw v. United States*, 116 Fed. Cl. 656, 658–59 (2014).

Ms. Kuczmanski bears the burden of establishing this court's jurisdiction by a preponderance of the evidence. *Stephens v. United States*, 884 F.3d 1151, 1156 (Fed. Cir. 2018). When determining whether there exists jurisdiction, "the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Id*. at 1155 (internal quotation marks omitted) (quoting *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014)). Because Ms. Kuczmanski appears pro se, the court holds Ms. Kuczmanski's pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Naskar v. United States*, 82 Fed. Cl. 319, 320 (2008) (internal quotation marks omitted) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). That leniency, however, does not relieve Ms. Kuczmanski from establishing this court's jurisdiction. *Stephens*, 884 F.3d at 1156; *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).

Because the Court lacks jurisdiction over this case, it must be dismissed.

The main thrust of Ms. Kuczmanski's complaint is her dispute over her family law proceedings in state courts, including "suppression of evidence" and a "fraudulent psychological examination." ECF No. 1 at 2. But this court has no authority to review state court rulings. *E.g., Robinson v. United States*, 135 Fed. Cl. 556, 560 (2017) ("[T]o the extent that the complaint . . . could be read to include a request that this court invalidate or otherwise reverse [a] state court decision . . . the court is powerless to review the decisions of state courts.") (citation omitted). Thus, to the extent that Ms. Kuczmanski challenges proceedings in other courts and the outcome of her family law proceedings, this court lacks jurisdiction to hear those claims. Accordingly, the court must dismiss those claims.

The court also lacks jurisdiction over Plaintiff's claims that challenge the actions of state officials regarding her minor son. Under the Tucker Act, this court's jurisdiction is limited to cases against the United States. 28 U.S.C. § 1491(a)(1). This jurisdiction does not extend to any other party, and "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Thus, this court does not have jurisdiction over cases against individual federal officials, states, or state officials. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997); *Sherwood*, 312 U.S. at 588. The court must dismiss the complaint insofar as it brings claims against any entity other than the United States.

Additionally, Ms. Kuczmanski's claims regarding due process violations fail because the allegations fail to establish a money-mandating source of law, which is necessary to establish jurisdiction. Ms. Kuczmanski's claims do not involve money mandating provisions because, "except for the taking clause of the [F]ifth [A]mendment, the other [A]mendments do not require the United States to pay money for their alleged violation" and thus are not money-mandating sources of law. *Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981) (per curiam); *see also, e.g.*, *Taylor v. United States*, 844 F. App'x 369, 371 (Fed. Cir. 2021); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not

provide a cause of action under the Tucker Act.") (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)); *LeBlanc*, 50 F.3d at 1028 (holding that the Fourteenth Amendment's Due Process and Equal Protection clauses do not confer jurisdiction to this Court "because they do not mandate payment of money by the government") (citing *Carruth v. United States*, 627 F.2d 1068, 1081 (1980)). Accordingly, this court lacks jurisdiction over Ms. Kuczmanski's due process claims.

Finally, this court does not have jurisdiction over Ms. Kuczmanski's claims invoking Title 42 (civil rights violations) and Title 18 (criminal law claims) of the United States Code. As the Government correctly points out, this court "has 'no jurisdiction over claims under 42 U.S.C. § 1983.'" ECF No. 8 at 4 (citing *Whittington v. United States*, 166 Fed. Cl. 532, 543 (2023) (explaining that "claims under 42 U.S.C. § 1983 . . . refer to sections of the Civil Rights Acts, and this court does not have subject matter jurisdiction over actions arising under the Civil Rights Acts")); *see also Brashear v. United States*, 776 F. App'x 679, 683 (Fed. Cir. 2019) (noting that "civil rights claims brought pursuant to § 1983 are under the exclusive jurisdiction of federal district courts."). ECF No. 8 at 4-5. Similarly, the court also does not possess jurisdiction over any of the criminal law provisions cited by Ms. Kuczmanski: "The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code[.]" *Joshua v. United States*, 17 F.3d 378, 397 (Fed. Cir. 1994); *see also Curie v. United States*, 163 Fed. Cl. 791, 805 (2022) ("The jurisdiction of the United States Court of Federal Claims does not include jurisdiction over criminal causes of action.").

For the foregoing reasons, the court **GRANTS** the Government's motion to dismiss, ECF No. 8. The court **DIRECTS** the Clerk's office to enter judgement accordingly.

It is so ORDERED.

s/ Edward H. Meyers<br>
Edward H. Meyers<br>
Judge